

**NUMBER 13-20-00224-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**SCOTT WILLIAM HESS,**                                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                              **Appellee.**

**On appeal from the 197th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Tijerina
Memorandum Opinion by Justice Benavides**

Appellant, Scott William Hess, proceeding pro se, attempts to appeal a judgement entered in trial court cause number 2012-DCR-1617-C in the 197th District Court of Cameron County, Texas. We DISMISS this appeal for lack of jurisdiction.

On October 12, 2012, appellant was convicted of the felony offense of indecency with a child. On April 20, 2020, appellant filed a notice of appeal. On May 6, 2020, the

Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant filed a response stating he is just "don't recall filing an appeal" and asserts a matter "kinda like a form of 'habeas corpus'".

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Unless a motion for new trial has been timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* R. 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* R. 26.3.

Appellant's notice of appeal, filed more than seven years after sentence was imposed, was untimely, and accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210. Moreover, jurisdiction to grant post-conviction habeas corpus relief in felony cases rests exclusively with the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (Vernon Supp. 2011); *Bd. of Pardons & Paroles*

2

*ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W .3d 715, 717–18 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West, Westlaw through 2013 3d C.S.); *see also Ex parte Garcia*, 988 S.W.2d 240, 241 (Tex. Crim. App. 1999) (per curiam). The appeal is DISMISSED FOR LACK OF JURISDICTION. Accordingly, all pending motions, specifically including appellant's motion for determination of jurisdiction, motion for court appointed attorney, and motion for discovery and to compel are all DISMISSED as moot.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of October, 2020.

3